**Thomas F. MILLER and Monica O. Miller, Plaintiffs,**

v.

**DEPARTMENT OF the INTERIOR, BUREAU OF RECLAMATION; Manual Lujan, Jr., Secretary of the Interior, Defendants.**

**No. CV–S–93–220–PMP (LRL).**

United States District Court,
D. Nevada.

June 28, 1993.

Andrew H. Griffin, III, Griffin & Griffin, El Cajon, CA, for plaintiffs.

Monte N. Stewart, U.S. Atty., James S. Savett, Asst. U.S. Atty., Las Vegas, NV, for defendants.

## ORDER

PRO, District Judge.

Before the Court is Defendant's Motion to Dismiss (# 19) filed on May 13, 1993. Plaintiffs filed their Opposition (# 22) on June 1,

1993, and Defendants filed their Reply (# 25) on June 10, 1993.

## I. Facts

On May 25, 1988, Plaintiff Thomas Miller ("Miller") was hired as a temporary electrician at the Hoover Dam Bureau of Reclamation Project in Boulder City, Nevada.[1] It is alleged that Miller was not considered for a permanent electrician position that was filled on December 18, 1988. Miller was also not selected for another position that was advertised as vacant at that time. Miller was subsequently terminated from his job as a temporary electrician on June 14, 1989.

Miller felt that he was discriminated against because of his age when he was not considered for either of the two available jobs and also when he was terminated from his temporary job. Miller filed a formal complaint with the Department of the Interior on June 22, 1989, alleging age discrimination. The Administrative Law Judge issued a Recommended Decision on November 4, 1991, holding that the Miller was discriminated against when he was not considered for the permanent electrical job filled on December 18, 1988, but was not discriminated against when he was not selected for the other vacant job or when his temporary position was terminated on June 14, 1989.

The decision of the Administrative Judge was received by Carmen Maymi, Director of the Equal Employment Opportunity Commission (EEOC) for the Department of the Interior, on December 26, 1991. Maymi overruled one part of the Administrative Judge's recommendation and held that Miller was not discriminated against in any of the three claims. This final decision was issued on February 21, 1992, within the sixty day statute of limitations afforded to the EEOC to either adopt, reject, or modify the Administrative Judge's recommendation. *See* 29 C.F.R. Section 1613.220(d) (1992).

Miller filed an appeal with the Interior Department's EEOC on March 16, 1992, and after having received no response from the EEOC for approximately eighty days, Miller

1. Both parties have stipulated that Monica Miller is an improper party and must be dismissed from this lawsuit. All further references in this order to "Miller" or "Plaintiff" are references to Thomas Miller only.

filed a civil action in the United States District Court, Southern District of California on June 9, 1992. The EEOC dismissed Miller's appeal on September 21, 1992 pursuant to regulations which provide that the filing of a civil action by an employee terminates the administrative processing of the complaint raising the same issues. *See* 29 C.F.R. Section 1613.513 (1992).

The Defendants claim that the civil action, which was transferred to this Court, must be dismissed because this Court lacks jurisdiction to hear the action.

## II. Discussion

When an employee alleges a claim for age discrimination under the Age Discrimination in Employment Act (ADEA), the ADEA provides that employee with two alternative routes for pursuing the claim. First, "[a]n individual may invoke the EEOC's administrative process and then file a civil action in federal district court if he is not satisfied with his administrative remedies." *Stevens v. Department of the Treasury,* —— U.S. ——, ——, 111 S.Ct. 1562, 1566, 114 L.Ed.2d 1 (1991) (citing 29 U.S.C. Section 633a(b) and (c)). Alternatively, if the employee does not wish to seek relief from his employment agency or the EEOC, "[h]e can decide to present the merits of his claim to a federal court in the first instance." *Id.* (citing 29 U.S.C. Section 633a(d)).

If an employee chooses to seek relief through the agency's administrative process, the important issue to resolve is whether that employee must exhaust all administrative remedies before commencing a civil suit in District Court. Several Circuits, including the Ninth Circuit, have held that "once a party appeals to a statutory commission, the appeal must be 'exhausted.' To withdraw is to abandon one's claims, to fail to exhaust one's remedies." *Rivera v. United States Postal Service,* 830 F.2d 1037, 1039 (9th Cir. 1987); *see also Purtill v. Harris,* 658 F.2d 134 (3rd Cir.1981), *McGinty v. United States Department of the Army,* 900 F.2d 1114 (7th Cir.1990), *Jordan v. United States,* 522 F.2d 1128 (8th Cir.1975).

The justification for requiring a plaintiff to exhaust his administrative remedies is that "[a]llowing a plaintiff to abandon the administrative remedies he has initiated would tend to frustrate the ability of the agency to deal with complaints. All participants would know that at any moment an impatient complainant could take his complaint to court and abort the administrative process." *Vinieratos v. United States Department of the Air Force,* 939 F.2d 762, 771 (9th Cir.1991) (quoting *Purtill,* 658 F.2d at 638).

When an employee has "exhausted" the administrative process varies depending on the employee's decisions at certain junctures in the administrative process. An employee may file an action under the ADEA in District Court within 90 days of the receipt of the EEOC's final decision on his complaint if he chooses not to file an appeal with the EEOC. 29 C.F.R. Section 1614.408(a) (1992). An employee may also file in District Court if, after 180 days of the filing of the initial complaint, there has been no final decision filed and the employee has not filed an appeal. 29 C.F.R. 1614.408(b) (1992).

■ It seems clear that an employee need not take an appeal in order to exhaust his administrative remedy as long as he does not abort his initial complaint before a final decision has been rendered or before 180 days after filing the initial complaint. If the employee conforms to these statutory provisions, choosing to file an action in District Court will not "frustrate the ability of the agency to deal with complaints" or "abort the administrative proceedings" as contemplated by the *Vinieratos* Court. This is because the agency will have already ruled on the case or will have exceeded a statutorily designated time period in which to render a decision.

■ If the employee chooses to file an appeal with the EEOC of his agency, a different set of rules applies. An employee may file an action in District Court within 90 days of receipt of the EEOC's final decision on an appeal or after 180 days of the filing date of the initial appeal if no final decision has been rendered by the Commission. 29 C.F.R. Section 1614.408(c) and (d).[2]

---

**2.** A previous Ninth Circuit case held that the

statute of limitations for filing a civil action in

The plaintiff has apparently misunderstood the statute and has, in effect, spliced the two provisions of the statute together.[3] Plaintiff invokes the ninety day requirement from 27 C.F.R. Section 1614.408(c), and the requirement of filing an action in District Court a certain number of days after the filing date of the appeal from 27 C.F.R. Section 1614.-408(d). According to the statute, however, the plaintiff has to file a civil action within ninety days of the receipt of the final decision of the appeal, not within ninety days of the filing of the appeal. This means that the plaintiff may await a final decision on his appeal, thereby exhausting his administrative remedies, and then file a timely civil action within ninety days of the receipt of that final decision in District Court if he chooses to do so.

In the case at bar, Miller chose to file an appeal with the EEOC on March 16, 1992. Under the Code of Federal Regulations, Miller was not permitted to file a civil action in District Court until a final decision was rendered on his appeal or until 180 days after March 16, 1992, had passed and the EEOC had not issued a final decision on the appeal. 29 C.F.R. Section 1614.408(c) and (d) (1992).

Upon filing the civil action in District Court, the EEOC, pursuant to its policy, terminated Miller's appeal, and sent Miller a Dismissal of Appeal letter dated September 24, 1992. In letter, the EEOC informed Miller that one possible remedy was that he had the right to file a civil action in District Court within thirty days of the receipt of the letter. Miller argues that this notice gave him the right to file an action in civil court, and that his earlier filing in District Court on June 9, 1992, satisfied the thirty-day statute of limitations stated in the Dismissal of Appeal Letter.

Miller's argument is curious because it was his initial filing in District Court that led to his appeal being dismissed by the EEOC. Miller's filing of an untimely and therefore impermissible civil action in District Court amounted to a failure to exhaust his administrative remedy and caused the dismissal of his appeal within the EEOC. Miller cannot bootstrap his premature filing in order to justify the continuance of an impermissible civil action.[4]

"Where, as here, the complainant has only himself to blame for the absence of an administrative ruling on the merits of his claim, it is fair to conclude that he has failed to comply with the administrative exhaustion requirement. It is not the role of the federal judiciary to straighten out a mess that is the complainant's own doing." *Vinieratos,* 939 F.2d at 773.

Because Miller filed a civil action in District Court before the statutorily designated date, he has failed to exhaust his administrative remedies. As a result, this court is without jurisdiction to hear his civil action.

IT IS THEREFORE ORDERED THAT Defendants Motion to Dismiss (# 19) is Granted and Plaintiff's Complaint (# 1) is hereby dismissed.

---

District Court after the EEOC rendered a final decision on an appeal was the six year catch-all statute of limitations. *Lubniewski v. Lehman,* 891 F.2d 216, 221 (9th Cir.1989). In 1992, however, the Code of Federal Regulations was amended to include that civil actions filed in District Court after a final decision on appeal and pursuant to Title VII or the ADEA were subject to a ninety day statute of limitations.

**3.** Plaintiff contends that he will not be afforded due process if he takes an appeal with the EEOC because the statute of limitations on filing a civil action will not be tolled and the CFR requires a plaintiff to file a civil action within ninety days of

*filing* the appeal. If the plaintiff tries to file within ninety days, however, and there has been no final decision on the appeal, the civil action will be dismissed because plaintiff has failed to exhaust his administrative remedies. Even if the statute functioned as the plaintiff alleges, the plaintiff presents no legal support to show that this would violate his due process rights.

**4.** This Court expresses no opinion as to whether Miller may reinstate his appeal before the EEOC. This Court, however, is without jurisdiction to order a remand to the EEOC *sua sponte.*