**Lyman TSAI, Plaintiff,**

v.

**Ricki Tigert HELFER, and Federal Deposit Insurance Company, Defendants.**

**No. 95 Civ. 0610 (CSH).**

United States District Court, S.D. New York.

Sept. 18, 1996.

Eileen Helen Persky, Oceanside, NY, for plaintiff.

## MEMORANDUM OPINION AND ORDER

HAIGHT, Senior District Judge:

This action arises under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* Plaintiff Lyman Tsai alleges that she was harassed, denied a promotion and transferred to an undesirable location by the Federal Deposit Insurance Company ("FDIC") and its Chairman, Ricki Tigert Helfer, on account of her age. Defendants move to dismiss under Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P., claiming that plaintiff failed to properly exhaust her administrative remedies and thus filed this action prematurely. Alternatively, defendants contend that they were not properly served with process, and seek dismissal pursuant to Rule 12(b)(2).

### I.

Plaintiff's first formal complaint of discrimination was filed with the FDIC's Office of Equal Employment Opportunity (FDIC–EEO) on July 21, 1994. The complaint alleges discrimination on the basis of race, sex, age and national origin, as well as retaliation for complaining of the discrimination. Plaintiff was represented by counsel at the FDIC–EEO stage, and that representation has continued throughout the course of this litigation.

On September 9, 1994, while plaintiff's discrimination claims were being processed by the FDIC–EEO, counsel for plaintiff wrote to the Equal Employment Opportunity Commission ("EEOC") notifying the Commission of plaintiff's intent to sue in federal court under the ADEA. In the letter, plaintiff acknowledges the fact that her complaint before the FDIC–EEO contains allegations of age discrimination, but goes on to say that "the matter of age was not raised at the informal complaint stage and is therefore not properly before the FDIC." Defendants' Exh B. This letter prompted a subsequent correspondence from the EEOC to the FDIC–EEO which served as formal notice to the FDIC–EEO of plaintiff's intent to sue, and directed the FDIC–EEO to conduct an inquiry into the merits of plaintiff's age discrimination claim, in hopes of resolving the case amicably.

On October 18, 1994, the FDIC–EEO issued an opinion dismissing Tsai's claims as untimely pursuant to 29 C.F.R. 1614.107(a), 1614.107(b), and 1614.107(c), and the next day, wrote a letter to the EEOC expressing

its view, formed upon independent inquiry, that plaintiff's allegations of age discrimination were meritless. Based upon this assessment, the EEOC wrote to plaintiff's counsel on November 4, 1994, informing him that it did not intend to take further action concerning Tsai's allegations and advising that he "may wish to file a civil action in federal district court for an adjudication on the merits of [his] client's claim." Defendants' Exh. E. Rather than doing so immediately, however, plaintiff appealed the FDIC–EEO decision to the EEOC, filing her notice of appeal on November 11, 1994. In her appeal papers, plaintiff contended once again that the FDIC–EEO did not have jurisdiction to determine the merits of the ADEA action because prior to that decision, she had notified the EEOC, and thus the FDIC, of her intent to sue in federal court. On January 27, 1995, while the appeal was still pending, plaintiff commenced the instant action. Plaintiff served the United States Attorney for the Southern District of New York and the FDIC with the summons and complaint, but neglected to serve the Attorney General of the United States.

On October 19, 1995, the EEOC denied plaintiff's appeal. On the charge of age discrimination, the EEOC wrote:

> On appeal, appellant ... argues that the agency has no jurisdiction over her claim of age discrimination because she filed a civil action in a federal district court on January 27, 1995. The Commission finds that appellant did raise the basis of age discrimination in her EEO complaint. The Commission finds that appellant's argument amounts to a withdrawal of her age discrimination claim. Therefore, we shall not consider the basis of age discrimination in this appeal.

EEOC Decision at 3.

Defendants now move jointly to dismiss the complaint, urging that plaintiff did not allow the EEOC a sufficient amount of time to decide her appeal before she commenced this action, and therefore failed to exhaust her administrative remedies under 29 C.F.R. § 1614. Defendants alternatively argue that plaintiff's failure to serve the United States Attorney General in accordance with the terms of Rule 4 is fatal to her complaint. For reasons that follow, I dismiss on grounds related to defendants' first contention. I therefore do not reach the second.

## II.

Under the ADEA, a federal employee wishing to assert a claim for discrimination has the option of "invok[ing] the EEOC's administrative process and then fil[ing] a civil action in federal district court if he is not satisfied with his administrative remedies" or "present[ing] the merits of his claim to a federal court in the first instance." *Stevens v. Department of the Treasury*, 500 U.S. 1, 5–6, 111 S.Ct. 1562, 2109–10, 114 L.Ed.2d 1 (1991) (citing 29 U.S.C. § 633a(b), (c) and (d)); *see also* 29 C.F.R. § 1614.201. If an employee chooses the administrative route, a question arises as to whether he is required to fully exhaust all administrative remedies before proceeding to federal court, and if so, whether the remedies were in fact exhausted. That is the primary question posed by the instant motion. Before proceeding to it, however, I must first consider plaintiff's contention, raised before the EEOC and alluded to again in these proceedings, that she never invoked the administrative process in the first place. The contention is without merit. Plaintiff plainly and undeniably asserted her claim of age discrimination in the original FDIC–EEO complaint. That simple act of checking the box marked "age" on the FDIC–EEO form complaint set the administrative wheels in motion, and vested the FDIC–EEO with jurisdiction to consider the merits of the claim. That plaintiff may have neglected to raise her claim at the informal complaint stage does not in any way effect or alter the express allegations of the formal complaint. Nor did plaintiff's filing of an intent to sue letter with the EEOC somehow divest the FDIC–EEO of jurisdiction to decide her ADEA claim. That claim was, quite simply, subject to agency review once the formal complaint had been filed.[1]

---

1. As the above-cited language from the EEOC decision indicates, the EEOC felt similarly that the FDIC–EEO had properly considered the ADEA claim.

This brings me to the issue of exhaustion, that is: under the law of this circuit and the Code of Federal Regulations (the "CFR") as they now stand, was plaintiff required to exhaust her administrative remedies once she invoked them, and if so, did she succeed in doing so? The issue has been the subject of some debate among the circuits. However, I limit my analysis to two decisions from the Second Circuit with divergent views on the issue of exhaustion: *Bornholdt v. Brady,* 869 F.2d 57 (1989) and *Wrenn v. Secretary, Dept. of Veterans Affairs,* 918 F.2d 1073 (1990).

*Bornholdt* provides unambiguous support for the view of plaintiff that exhaustion is not required in the case at bar. In that case, Bornholdt, an ADEA plaintiff employed by the Internal Revenue Service, commenced administrative proceedings before the Merit Systems Protections Board ("MSPB"). Before the MSPB had a chance to issue a final decision on the claim, Bornholdt withdrew it. The MSPB then issued an order dismissing the claim with prejudice, an order which the Second Circuit said did not constitute a final agency decision for the purposes of exhaustion since MSPB did not reach the merits of the claim. In considering whether exhaustion was required, the court looked to the terms of 29 C.F.R. § 1613.513, a provision which, at the time of *Bornholdt,* applied to all actions filed after November 30, 1987. *See* 869 F.2d at 63. It provides that "[t]he filing of a civil action terminates [agency] processing of that complaint." Were this provision to be coupled with an exhaustion requirement, a plaintiff who abandoned his administrative remedies midstream by filing a civil action "would find both [avenues] automatically closed." *Id.* In light of this, the Second Circuit wrote: "the ... view that exhaustion is not required even if the ADEA claimant has initiated administrative proceedings is undoubtedly correct for suits commenced after November 30, 1987." *Id.* This language, however, was *dicta,* since Bornholdt's claim was filed in 1983, prior to the effective date of 29 U.S.C. § 1613.513. *See Bak v. Postal Service,* 52 F.3d 241, 243–44 (9th Cir.1995) (referring to *Bornholdt* language requiring exhaustion as *dicta* ). Since the regulatory framework in effect prior to

1987 explicitly provided that the filing of a civil action did not terminate agency proceedings, the court imputed an exhaustion requirement in cases commenced prior to that date and dismissed Bornholdt's claim for failure to comply with that requirement.

Just as the *Bornholdt dicta* supports plaintiff's view, *Wrenn,* decided a year after *Bornholdt,* provides unequivocal support for the contrary view urged by defendants. In *Wrenn,* the Second Circuit noted the split among other circuits as to whether an ADEA claimant is required to exhaust his administrative remedies, but curiously overlooked its own decision in *Bornholdt.* The court wrote:

> We appear never to have addressed this question. We agree with the *Purtill* court's reasoning that "[a]llowing a plaintiff to abandon the administrative remedies he has initiated would tend to frustrate the ability of the agency to deal with complaints." [*Purtill v. Harris,* 658 F.2d 134, 138 (3d Cir.1981).] Wrenn, having initiated administrative proceedings on his ADEA claim, was thus obliged to exhaust such proceedings before filing a civil action under the ADEA.

*Wrenn,* 918 F.2d at 1078.

It is impossible to square the language of *Bornholdt* and *Wrenn.* But I think it clear that *Wrenn* should be considered the controlling law of this Circuit. As noted above, the language of *Bornholdt* rejecting an exhaustion requirement appeared in *dicta.* Moreover, *Wrenn* represents the Second Circuit's most recent pronouncement on the issue.

Even setting aside these facts, changes in the CFR have been implemented since the *Bornholdt* decision which moot its reasoning, and provide additional support for the holding in *Wrenn.* In 1992, the EEOC issued new regulations designed to replace the scheme for processing federal sector equal employment opportunity complaints codified in 29 C.F.R. §§ 1613.201 et seq. *See Guice–Mills v. Brown,* 882 F.Supp. 1427, 1429 n. 1 (S.D.N.Y.1995). The revised regulations, codified in 29 C.F.R. §§ 1614.101 et seq., took effect on October 1, 1992 and therefore apply to all claims, such as plaintiff's, filed after that date. *See* 57 Fed.Reg. 12634 (April 10,

1992). 29 C.F.R. § 1614 does not contain a provision akin to 29 C.F.R. 1613.513, the provision which ultimately led the *Bornholdt* court to reject an exhaustion requirement for cases commenced after 1987. To the contrary, under the revised regulations, rather than having the ability to simply terminate ongoing administrative proceedings by filing a civil action, an ADEA claimant who has invoked the administrative process is only authorized to file a civil action within 90 days of the agency's final decision, or 180 days after the filing of the complaint if the agency has not yet rendered a final decision by that time. *See* 29 C.F.R. § 1614.408(a) and (b). A claimant may, but need not, appeal the agency decision to the EEOC. If a claimant chooses to file such an appeal, he may only file civil suit within 90 days of the EEOC's final decision, or 180 days after the filing of the appeal if the EEOC has not issued a final decision by that time. *See* 29 C.F.R. § 1614.408(c) and (d). These provisions are consistent with the terms of 29 C.F.R. § 1614.201, which provide that a claimant's administrative remedies are exhausted for the purposes of filing a civil action only after a final decision is rendered by the agency (or the EEOC if an appeal was filed), or, if there has been no final decision issued, 180 days after the filing of the complaint (or appeal if one was filed). *See* 29 C.F.R. 1614.201(c).

Thus, both the EEOC and the Second Circuit, in their most recent pronouncements on the issue, would require ADEA plaintiffs who have invoked the administrative process to exhaust its remedies before proceeding to federal court. Several district courts who have written on the subject post-*Wrenn* have recognized this requirement. *See Guice–Mills v. Brown*, 882 F.Supp. 1427, 1429 (S.D.N.Y.1995); *Wrenn v. Brady*, 1993 WL 133716, *2 (S.D.N.Y.); *see also Miller v. Department of the Interior, Bureau of Reclamation*, 827 F.Supp. 636, 638–39 (D.Nev. 1993). The sole decision from this district which I have found that follows the *Bornholdt dicta* in spite of *Wrenn* is *Medwid v. Baker*, 752 F.Supp. 125, 133 (S.D.N.Y.1990). *Medwid*, however, was decided three years

before 29 C.F.R. 1614 became effective. More importantly, the *Medwid* opinion was issued just ten days after *Wrenn* was decided, and makes no allusion to it. To the extent that the *Medwid* court implicitly considered and rejected the exhaustion analysis in *Wrenn*, I decline to follow that court's decision.

I thus hold that plaintiff, having commenced administrative proceedings before the FDIC–EEO, was obliged to exhaust her administrative remedies before filing suit in this Court. The question that remains then, is whether plaintiff fulfilled that obligation. The answer lies in language from the EEOC's final decision on appeal, rendered on October 19, 1995, 10 months after the commencement of this action.[2]

On appeal to the EEOC, plaintiff contended that the FDIC–EEO lacked jurisdiction to consider her age discrimination claim but did not contest the merits of the FDIC–EEO's decision. The EEOC rejected the argument, saying that "appellant did raise the basis of age discrimination in her EEO complaint." EEOC Decision at 3. However, the EEOC went on to say that the "argument amount[ed] to a withdrawal of her age discrimination claim. Therefore, we shall not consider the basis of age discrimination on this appeal." *Id.*

Plaintiff insists that the EEOC was applying 29 C.F.R. § 1613.513 in referring to her claim as withdrawn. Thus, as plaintiff would have it, the EEOC's language should be read to mean that her filing in federal court automatically terminated the administrative proceedings, thereby exhausting her administrative remedies. But that cannot be so. As noted above, complaints filed after October 1992 are governed by the regulations contained in 29 C.F.R. § 1614, not § 1613. Plaintiff's FDIC–EEO complaint was filed on July 21, 1994, and properly considered by the FDIC–EEO in accordance the regulations found in section 1614. Thus, unless the EEOC incorrectly invoked an obsolete set of

**2.** The decision was forwarded to the Court by plaintiff after this motion had been fully submit-  ted.

regulations, it could not have been applying section 1613.513 in the above-cited passage.

This leads one to ask: what exactly was the EEOC referring to when it spoke of the "withdrawal" of plaintiff's ADEA claim? The reference is, as defendants suggest, somewhat cryptic. In my view, it could mean one of two things. Either the EEOC viewed plaintiff as having voluntarily withdrawn her ADEA claim midway through the appellate process by arguing that the FDIC–EEO lacked jurisdiction and expressing a desire to proceed in federal court; or, as is more likely, the EEOC did not consider that portion of the FDIC–EEO decision dismissing the ADEA claim to be part of the appeal, since plaintiff did not challenge the merits of the dismissal on appeal, and chose instead to argue the merits of her claim in this forum.

Whatever view of the EEOC's decision one adopts, dismissal is appropriate. Under the first scenario, plaintiff filed an appeal and then withdrew the claim before the appeal was decided by making certain jurisdictional arguments to the EEOC in her appeal papers. If that is the case, plaintiff filed this action prematurely, before the EEOC had rendered its decision and thus before her administrative remedies had been exhausted. Worse yet for plaintiff, those remedies never were exhausted, since the EEOC never issued a final decision. *See Bornholdt* at 63–4 (dismissal of claim with prejudice because it was withdrawn by plaintiff does not constitute a "final decision"); *see also Miller*, 827 F.Supp. at 638 (citing *Rivera v. United States Postal Service*, 830 F.2d 1037 (9th Cir.1987) for the proposition that "once a party appeals to a statutory commission, the appeal must be 'exhausted.' To withdraw is to abandon one's claims, to fail to exhaust one's remedies."); *Purtill v. Harris*, 658 F.2d 134, 138 (3d Cir.1981) ("Allowing a plaintiff to abandon the administrative remedies he has initiated would tend to frustrate the ability of the agency to deal with complaint.") (cited with approval in *Wrenn* at 1078). Therefore, even at present, plaintiff is jurisdictionally barred from pressing her claim in this Court.

 Alternatively, if plaintiff is deemed never to have made an appeal to the EEOC on the ADEA claim, she failed to file this action in accordance with the timely filing requirements of 29 C.F.R. § 1614.408(a). As noted, that regulation provides that a civil action must be filed "within 90 days of receipt of the final [agency] decision ... if no appeal has been filed" with the EEOC. The FDIC–EEO issued its decision dismissing the plaintiff's complaint on October 18, 1994. "Normally it is assumed that a mailed document is received three days after its mailing." *Sherlock v. Montefiore Medical Center*, 84 F.3d 522, 525 (2d Cir.1996). Plaintiff has offered no evidence to rebut this presumption, so I assume that she received the FDIC–EEO decision on October 21, 1994. She waited until January 27, 1995 to file this action, 98 days after receipt of the FDIC–EEO decision. Accordingly, under the second construction of the EEOC's language, this suit is time-barred.

### III.

At bottom, plaintiff sought to pursue her age discrimination claim in two different forums simultaneously, the very abuse the exhaustion requirement is designed to prevent. Whether her administrative remedies are viewed as unexhausted, or her federal filing as untimely, dismissal is appropriate.

Accordingly, defendants' motion to dismiss is granted. The complaint is dismissed with prejudice. Plaintiff may, however, attempt to reinstate her appeal with the EEOC,[3] and pursue her administrative remedies to their rightful conclusion. If and when that occurs, plaintiff may refile in federal court should the administrative process leave her without a remedy.

With that qualification, the Clerk of the Court is directed to dismiss the complaint with prejudice.

It is SO ORDERED.

3. I express no view on whether plaintiff may properly reinstate her appeal before the EEOC.