## STEVENS *v.* DEPARTMENT OF THE TREASURY ET AL.

No. 89–1821.   Argued March 19, 1991—Decided April 24, 1991

BLACKMUN, J., delivered the opinion of the Court, in which REHNQUIST, C. J., and WHITE, MARSHALL, O'CONNOR, SCALIA, KENNEDY, and SOU-

TER, JJ., joined, and in all but Part IV of which STEVENS, J., joined. STEVENS, J., filed an opinion concurring in part and dissenting in part, *post*, p. 11.

*Alison Steiner* argued the cause for petitioner. With her on the briefs were *Michael Adelman* and *Donald B. Verrilli, Jr.*

*Amy L. Wax* argued the cause *pro hac vice* for respondents. With her on the brief were *Solicitor General Starr, Assistant Attorney General Gerson, Deputy Solicitor General Roberts, Harriet S. Shapiro, Michael Jay Singer,* and *Donald R. Livingston.*

JUSTICE BLACKMUN delivered the opinion of the Court.

This case concerns a claim of age discrimination said to be in violation of § 15 (the federal employees' component) of the Age Discrimination in Employment Act of 1967 (ADEA), 81 Stat. 602, as added by the Fair Labor Standards Amendments of 1974, 88 Stat. 74, and amended, 29 U. S. C. § 633a.

I

Petitioner Charles Z. Stevens III is an employee of the United States Internal Revenue Service (Service). In August 1986, when he was 63 years of age, Stevens was accepted into the Service's Revenue Officer Training Program at Austin, Tex., and assumed probationary status as a civil service employee. On April 27, 1987, he was advised that his performance in the program was not satisfactory. He then requested a transfer out of the program and a demotion, rather than face separation from the Service. Believing that he had been the victim of age discrimination, Stevens on May 21 wrote his Congressman for assistance. See App. 8. That inquiry proved to be nonproductive.

In September 1987, petitioner attempted to invoke his agency's administrative procedure for resolving age discrimination complaints through an initial meeting with an Equal Employment Opportunity Counselor. This, however,

4

was long after the expiration of the 30-day period prescribed for such an application by 29 CFR §§ 1613.511, 1613.512, and 1613.214(a)(1)(i) (1990). On October 19, petitioner filed a formal administrative complaint of age discrimination with the Department of the Treasury. App. 11. At the end of that complaint was the following statement: "This is also my notice of intention to sue in U. S. Civil District Court if the matter is not satisfactorily resolved." *Id.*, at 15. The complaint was rejected, it was said, because of the delay in seeking a meeting with the counselor and because there was no showing of good cause for not complying with the 30-day requirement. *Id.*, at 16. This action was described by the Director of the Regional Complaints Center as "a final agency decision." *Id.*, at 19. On petitioner's appeal to the Equal Employment Opportunity Commission (EEOC) Office of Review and Appeals, the rejection for untimeliness was affirmed on March 30, 1988. *Id.*, at 20.

On May 3, 1988, petitioner filed *pro se* his complaint against the Department of the Treasury and its Secretary in the United States District Court for the Western District of Texas. *Id.*, at 2. At an ensuing hearing, petitioner was represented by counsel. The defense moved to dismiss the action on the ground that petitioner had failed to establish any basis for tolling the 30-day period. *Id.*, at 22. The District Court granted the motion and dismissed the case with prejudice. App. to Pet. for Cert. A–1. It noted: "[A]n employee who believes that he has been discriminated against because of age has two avenues of relief under the ADEA": he either "may proceed directly to federal court and initiate an action no later than 180 days from the unlawful action and notify the EEOC within 30 days prior to commencing suit," *id.*, at A–3, citing 29 U. S. C. § 633a(d), or he "may file an administrative complaint with the employing federal agency and appeal an adverse finding to the" EEOC, in which case he "may bring a federal civil action only after exhausting his administrative remedies," App. to Pet. for Cert. A–3,

citing 29 U. S. C. §633a(b). The court reasoned that the alternative administrative procedure, which petitioner had attempted, had not properly been invoked because of the untimeliness of Stevens' complaint and the absence of a satisfactory explanation for the delay. The court therefore concluded that it was "without jurisdiction" to apply the ADEA "to the circumstances of Stevens' demotion in April, 1987." App. to Pet. for Cert. A–3 to A–4.

Petitioner appealed to the United States Court of Appeals for the Fifth Circuit. In an unpublished *per curiam* opinion, that court disagreed with the District Court's statement that the employee could go directly to federal court "no later than 180 days from the unlawful action." It said that Stevens had to file a notice of intent to sue within 180 days of the allegedly discriminatory action but that he did not have to initiate his federal suit within that period. *Id.*, at A–7. The court went on to say: "However, Stevens did not initiate the present action in federal court until May [3], 1988[;] therefore Stevens' notice to the EEOC, of October 19, 1987 was not effective." *Ibid.* The court concluded: "Although the district court did not state the applicable law correctly, ultimately the correct result was reached since Stevens failed to meet the requirements set forth in 29 U. S. C. 633a(d)." *Id.*, at A–8. The District Court's dismissal was affirmed. Judgt. order reported at 897 F. 2d 526 (1990).

We granted certiorari over respondents' opposition because of what appeared to us to be a clear misreading by the lower courts of the applicable and important federal statute. 498 U. S. 957 (1990).

## II

As the District Court noted in its opinion, App. to Pet. for Cert. A–3, §15 of the ADEA provides two alternative routes for pursuing a claim of age discrimination. An individual may invoke the EEOC's administrative process and then file a civil action in federal district court if he is not satisfied with his administrative remedies. See 29 U. S. C. §§633a(b) and

(c). A federal employee complaining of age discrimination, however, does not have to seek relief from his employing agency or the EEOC at all. He can decide to present the merits of his claim to a federal court in the first instance. See § 633a(d). Both routes to court are implicated in this case. We address the direct route first.

Section 15(d) of the Act, 29 U. S. C. § 633a(d), reads:

> "When the individual has not filed a complaint concerning age discrimination with the Commission, no civil action may be commenced by any individual under this section until the individual has given the Commission *not less than* thirty days' notice of an intent to file such action. Such notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred." (Emphasis added.)

The District Court obviously misread this statute when it said that the federal employee "may proceed directly to federal court and initiate an action no later than 180 days from the unlawful action and notify the EEOC *within* 30 days prior to commencing suit." App. to Pet. for Cert. A–3 (emphasis added). The court thus imposed a requirement that the federal court action be instituted *within* the 180-day period and an additional requirement that the EEOC be notified *within* 30 days prior to the commencement of the suit. But the statute reads otherwise as to both requirements. It calls for a notice of not less than 30 days to the Commission of an intent to sue (not notification within 30 days), and it provides that the notice shall be filed with the Commission within 180 days of the alleged unlawful practice (not filed within 180 days of the notice). Clearly, petitioner Stevens met both requirements. The EEOC was notified on October 19, 1987, the 176th day after the alleged discriminatory action—petitioner's transfer and demotion of April 27, 1987—had occurred.[1]

---

[1] The EEOC accepts a notice given to the employing agency as sufficient compliance with the statutory notice requirement. See Management Directive EEO–MD 107, ch. 12, pp. 12–2 and 12–3 (1987).

And suit was not filed until May 3, 1988, a date more than 30 days after the notice was given.

The Court of Appeals corrected one of the District Court's two errors:

> "Contrary to what the district court stated, Stevens had to file a notice of intent to sue with the EEOC within 180 days of the alleged discriminatory action. Stevens did not have to initiate his federal action within 180 days of the alleged action, but merely give notice to the EEOC of his intention to initiate a civil action." *Id.*, at A-7.

But the Court of Appeals then added the sentence already noted: "However, Stevens did not initiate the present action in federal court until May 4, 1988[;] therefore Stevens' notice to the EEOC, of October 19, 1987 was not effective." This enigmatic sentence surely implies, even if it does not say so directly, that the court was not in disagreement with the District Court's second error—that the federal litigation had to be commenced *within* 30 days of the notice, instead of *after* 30 days from the notice. We note, at this point, that the District Court's and Court of Appeals' error in their reading of the statute has also been replicated by two other courts. See *Castro* v. *United States*, 775 F. 2d 399, 403 (CA1 1985); *McKinney* v. *Dole*, 246 U. S. App. D. C. 376, 387, 765 F. 2d 1129, 1140 (1985). The applicable regulations are positive as to the absence of such a "within 30 days" requirement under the ADEA, in marked contrast with the situation concerning the assertion of a Title VII claim. See 29 CFR § 1613.514 (1990). Respondents concede all this, for they say that "the statute is clear." Brief for Respondents 29.

There is no foundation that we can discern for any conclusion that the suit was not filed within the applicable period of limitations. The statute does not expressly impose any additional limitations period for a complaint of age discrimination. We therefore assume, as we have before, that Congress intended to impose an appropriate period borrowed either from a state statute or from an analogous federal one. *Agency Holding Corp.* v. *Malley-Duff & Associates, Inc.*, 483 U. S.

143, 146–148 (1987). In this case, we need not decide which limitations period is applicable to a civil action under 29 U. S. C. § 633a(c). Stevens filed his suit on May 3, 1988, only one year and six days after the allegedly discriminatory event of April 27, 1987. That, as respondents acknowledge, Brief for Respondents 30, "is well within whatever statute of limitations might apply to the action."[2]

### III

The Solicitor General, however, submits that the petition for certiorari should be dismissed as having been improvidently granted. *Id.*, at 31. He rests this submission on the argument that petitioner did not properly present the merits of the timeliness issue to the Court of Appeals, and that this Court should not address that question for the first time. *Id.*, at 8–9, 11–15. He made the same argument in his opposition to the petition for certiorari. Brief in Opposition 5–7. We rejected that argument in granting certiorari, and we reject it again now because the Court of Appeals, like the District Court before it, decided the substantive issue presented.

The District Court heard the case on the merits. Tr. 83–176. The Court of Appeals in its turn specifically referred to Stevens' notice of intention to file a civil suit, App. to Pet. for Cert. A–7, and, as we have explained, answered the timeliness question incorrectly. We thus are satisfied that the issue is properly before us.

### IV

Answering the timeliness question in petitioner's favor, as we have, brings us to an issue involving the administrative

---

[2] Indeed, when Stevens formally was advised of his right to sue, he was told: "[Y]ou *MAY* have up to six years after the right of action first accrued in which to file a civil action." This was a reference to the general statute of limitations, 28 U. S. C. § 2401(a), for a civil action against the Government. See Brief for Respondents 30, n. 22.

route to federal court. Once petitioner had filed an EEOC complaint, was he required to exhaust his administrative remedies in order to file a civil action in district court? The Court of Appeals expressly stated its Circuit rule on exhaustion just *eight days* after it issued the opinion below. In *White* v. *Frank,* 895 F. 2d 243, 244 (CA5), cert. denied, 498 U. S. 890 (1990), the court said: "[A]n ADEA plaintiff who chooses to appeal the employer's determination to the Equal Employment Opportunity Commission . . . must await final action by that agency before filing an action in federal district court." The exhaustion issue has divided the Circuits. Compare, *e. g., Langford* v. *U. S. Army Corps of Engineers,* 839 F. 2d 1192, 1194–1195 (CA6 1988), with *Purtill* v. *Harris,* 658 F. 2d 134, 138 (CA3 1981), cert. denied, 462 U. S. 1131 (1983).

Although the issue is an important one, it is here that we encounter procedural difficulty. Respondents in direct contradiction of their position before the Court of Appeals, now fully agree with petitioner on the merits of the exhaustion issue. According to the Solicitor General, a federal employee who elects agency review of an age discrimination claim need not exhaust his administrative remedies before bringing a civil action. Respondents have thus abandoned the position that they took before the Court of Appeals when, in their brief there, they said:

> "If an employee files an administrative claim with his agency, the employee must properly exhaust his administrative remedies like employees alleging other types of discrimination . . . .
>
> .        .        .        .        .
>
> "It is well established that a federal employee must timely exhaust any administrative remedies available to him before he can bring suit . . . . Therefore, Judge Bunton properly dismissed Mr. Stevens' cause of action because Mr. Stevens did not meet the administrative re-

quirements." Brief for Appellees in No. 89–1432 (CA5), pp. 6–7.

Respondents, of course, acknowledge this, Tr. of Oral Arg. 17, and concede that they indeed "took a different position," *id.*, at 22. They candidly say that "we have reconsidered our position." *Id.*, at 33.

It is all well and good for respondents to rethink their position. Their choice, however, has meant that on the merits there is no one before us who stands in a position adverse to petitioner. Neither is there anyone before us who defends the results reached in those decided cases where Courts of Appeals have found an exhaustion requirement when administrative relief is sought before a court action is instituted. See, *e. g.*, *McGinty* v. *United States Department of the Army*, 900 F. 2d 1114 (CA7 1990); *Castro* v. *United States*, 775 F. 2d 399 (CA1 1985); *Purtill* v. *Harris*, *supra*. Those cases stand in conflict with the Sixth Circuit's decision in *Langford* v. *U. S. Army Corps of Engineers*, *supra*.

In each of these cited cases, the United States put forward the exhaustion requirement. We must assume, in view of the Solicitor General's concession here, that the Government no longer will defend its earlier litigation position.

Under these circumstances we are disinclined to rule on the merits of the exhaustion issue. We feel that our only proper course is to reverse the judgment of the Court of Appeals and to remand the case for further proceedings. On remand, the defense presumably (and it is a strong presumption) will submit to the Court of Appeals its altered positions — that there is no exhaustion issue at all in this case because petitioner did not institute his court action until after a final decision of the agency had been made — and, if that submission is not accepted by the court, that respondents now have withdrawn from the stance they took before the Court of Appeals on the merits. In either event, petitioner Stevens finally should gain his day in court and will not have all avenues to relief completely blocked.

Meanwhile, to be sure, the rulings in *McGinty*, *Castro*, and *Purtill*, and any other ruling to the same effect will remain outstanding and in conflict with *Langford*. There is little or nothing, by way of disagreement or agreement with those cases, that this Court should do in the present litigation. The cases may be respectively challenged or supported by some future litigant in a way that will lead to a definitive resolution of the existing conflict in authority. If this does not come about, then, because of the Government's change of mind and new position, any legal significance of the conflict may simply fade away with the passage of time.

*Reversed and remanded.*

JUSTICE STEVENS, concurring in part and dissenting in part.

While I join the remainder of the Court's opinion, I disagree with Part IV. In my view, the Government is quite right in its present position that the statute contains no requirement that a federal employee exhaust administrative remedies before instituting a court action. The case is not moot, because the Government's position as petitioner's employer is adverse to petitioner. The adversary posture that the Court finds lacking as to the exhaustion issue is equally lacking as to the issue that the Court does decide. Compare *ante*, at 9–10, with *ante*, at 7–8. Moreover, because 29 U. S. C. § 633a, the statutory provision at issue, applies only to federal employees, the adversary posture the Court awaits will never arise unless the Government once again reverses its position.

The Court acknowledges that the exhaustion question is an important issue on which the lower courts are divided. See *ante*, at 9. The issue is also straightforward and capable of swift resolution. The Government in its argument before the Court of Appeals based its contention that exhaustion is required solely on an analogy to Title VII. See Brief for Appellees in No. 89–1432 (CA5), pp. 6–7. Unlike Title

VII, however, the Age Discrimination in Employment Act (ADEA) contains no express requirement that a federal employee complainant seek administrative relief. There is therefore no basis from which to infer that a complainant who has voluntarily sought administrative relief must exhaust all administrative remedies before proceeding to court. The Equal Employment Opportunity Commission, charged with interpretation of the ADEA, does not read the statute to require exhaustion by federal employees. See 29 CFR § 1613.513 (1990).

The only language of the ADEA relied on by those Courts of Appeals that have required exhaustion is the omission from § 633a of a provision like that in Title VII allowing an employee to abandon the administrative complaint route if there has been no administrative action within 180 days.\* This provision, however, is unnecessary in § 633a because, as I have explained, the ADEA contains no requirement for federal employees equivalent to Title VII's command that a complainant first seek administrative relief.

I would therefore resolve the exhaustion issue as well as the timeliness question. To that extent, I respectfully dissent from the Court's disposition.

---

\*See *Purtill* v. *Harris*, 658 F. 2d 134, 138 (CA3 1981), cert. denied, 462 U. S. 1131 (1983); *Castro* v. *United States*, 775 F. 2d 399, 404 (CA1 1985); *Rivera* v. *United States Postal Service*, 830 F. 2d 1037, 1039 (CA9 1987), cert. denied, 486 U. S. 1009 (1988); *Bornholdt* v. *Brady*, 869 F. 2d 57, 63 (CA2 1989); *White* v. *Frank*, 895 F. 2d 243, 244 (CA5), cert. denied, 498 U. S. 890 (1990); *McGinty* v. *United States Department of Army*, 900 F. 2d 1114, 1117 (CA7 1990).