# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1721

_____

Tony James Snyder,                          *
                                            *
            Appellant,                      *
                                            *
    v.                                      *
                                            *  Appeal from the United States
Daniel Glickman, Secretary of the           *  District Court for the Western
Department of Agriculture; Janet            *  District of Missouri.
Reno, United States Attorney General;       *
Stephen L. Hill, Jr., United States         *  [UNPUBLISHED]
Attorney,                                   *
                                            *
            Appellees.                      *

_____

Submitted: January 30, 2001
Filed: February 2, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Tony Snyder appeals the district court's[1] grant of summary judgment in his age- and race-discrimination action. After de novo review, see Winkle v. Southwestern Bell Tel. Co., 195 F.3d 418, 420 (8th Cir. 1999), we conclude the district court correctly

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

granted summary judgment.  All but two of Snyder's claims were precluded by a settlement agreement with his former employer, the United States Department of Agriculture.  See 29 C.F.R. § 1614.504(a) (2000) (knowing and voluntary settlement agreements are binding on both parties).  As to Snyder's remaining Title VII and Age Discrimination in Employment Act (ADEA) claims, we conclude that he failed either to exhaust the available administrative remedies, or to file his civil suit in a timely manner; furthermore, he demonstrated no exceptional circumstances which would justify equitably tolling the filing requirements.  See Stevens v. Dep't of Treasury, 500 U.S. 1, 5-6 (1991) (requirements for filing timely ADEA claim); Lawrence v. Cooper Cmty., Inc., 132 F.3d 447, 448, 451 (8th Cir. 1998) (timely filing of discrimination complaint is condition precedent to Title VII suit; equitable tolling is premised on employee's excusable neglect); Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1327, 1329-30 (8th Cir. 1995) (although excusable ignorance may provide basis for equitable tolling when reasonable person in employee's situation would not be expected to know of possible ADEA violation, such relief should be used only in exceptional circumstances).

Accordingly, we affirm.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-