**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 15 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JACK L. REGENNITTER,

    Plaintiff-Appellant,

v.

JOHN E. POTTER, Postmaster
General, United States Postal Service,

    Defendant-Appellee.

No. 02-4133
(D.C. No. 01-CV-167-TC)
(Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **McKAY** and **LUCERO,** Circuit Judges.

---

    Jack Regennitter brings this appeal challenging the district court's grant of summary judgment to defendant United States Postal Service ("USPS"). Mr. Regennitter brought an action against USPS under the Age Discrimination in Employment Act, 29 U.S.C. § 633a ("ADEA"), claiming age discrimination arising out of incidents occurring on April 18, 2000. The district court dismissed

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Regennitter's claim as untimely under 29 C.F.R. § 1614.105(a)(1). On appeal, Mr. Regennitter contends that, due to his alleged mental incapacity, the district court erred in refusing to equitably toll applicable time limitations. Finding equitable tolling inappropriate on these facts, we AFFIRM.

Mr. Regennitter was an USPS employee from January 21, 1984 to April 18, 2000. As a postal employee, Mr. Regennitter had two avenues by which to raise a claim under ADEA, each of which had its own time limitation. An employee may "invoke the EEOC's administrative process and then file a civil action in federal district court if he is not satisfied with his administrative remedies." *Stevens v. Dep't of the Treasury*, 500 U.S. 1, 5 (1991). If a postal employee chooses this administrative route, he or she must contact USPS' Equal Employment Opportunity Office ("EEO") within forty-five days of the alleged discrimination. 29 C.F.R. § 1614.105(a)(1). If the EEO's attempts to resolve the employee's dispute through counseling fail, the employee may file a formal administrative complaint with the EEO. Alternatively, the employee "may bring the action directly to a federal district court in the first instance, so long as the employee gives the [EEO] notice of intent to sue within 180 days of the alleged discriminatory act and then waits thirty days before filing the action." *Jones v. Runyon*, 32 F.3d 1454, 1455 (10th Cir. 1994).

In March 1999, Mr. Regennitter contacted USPS' EEO claiming age

discrimination arising out of allegedly adverse employment actions taken and humiliating statements made by his USPS supervisor. At that time, the EEO provided Mr. Regennitter with a booklet entitled "What You Need to Know About EEO," which included information concerning avenues for and time limitations on filing a complaint. The EEO then attempted informal dispute resolution. On April 29, 1999, the EEO contacted Mr. Regennitter by letter, informing him of its inability to resolve his dispute and of his right to file a formal complaint with that office within fifteen days. Mr. Regennitter took no further action on that claim.

Mr. Regennitter's employment with USPS ended April 18, 2000, after he again suffered from alleged adverse employment action by his supervisor. As a result of these incidents, Mr. Regennitter left work, began drinking, and drove to Reno, Nevada. On April 19, 2000, in the midst of severe mental distress, Mr. Regennitter checked himself into a Veteran's Administration hospital in Reno. After a seven-day hospitalization, Mr. Regennitter received out-patient treatment for major depression, panic disorder, post-traumatic stress, paranoia, and violent ideation, among other conditions. His violent ideation was related to his employment with USPS. Due to the stress caused by his dealings with USPS, Mr. Regennitter's psychiatrist advised him to avoid contact with his former employer for the safety of himself and others.

Following his doctor's advice, Mr. Regennitter refrained from interaction

with USPS until September 13, 2000, when he sent the EEO a letter regarding his age discrimination claim. On October 30, 2000, invoking the ADEA's administrative remedy, Mr. Regennitter filed a formal complaint with the EEO. This filing, however, was well outside the forty-five day time limitation on administrative complaints. In a final agency decision dated January 10, 2001, USPS dismissed the complaint as untimely. As provided by ADEA, on March 13, 2001, Mr. Regennitter appealed the USPS decision in district court. The district court granted summary judgment in favor of USPS, agreeing with the EEO that Mr. Regennitter's claims were untimely.

We review a grant of summary judgment *de novo*. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

On appeal, Mr. Regennitter argues that the time limitation on his age discrimination claim should be equitably tolled. He asserts his mental state between April 18, 2000 and September 13, 2000 constitutes an "exceptional

circumstance" justifying equitable relief.[1]  Mr. Regennitter does not dispute his failure to comply with ADEA time limitations.  Rather, he contends his mental condition at the time of these events rose to the level of "exceptional circumstances" justifying equitable tolling of those limitations.  We need not answer that question in deciding this case.

"Federal courts have typically extended equitable relief only sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).  Essential to the equitable tolling of time limitations is a party's active pursuit of his or her claim. Equity will be "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."  *Id.*

Mr. Regennitter was aware of applicable time limitations for both the administrative and district court remedies under ADEA based on information provided to him by EEO.  The actions underlying his claim took place on April 18, 2000.  To successfully invoke ADEA's administrative remedy, Mr. Regennitter should have filed a formal complaint with the EEO within forty-five days, or by June 2, 2000.  His September 13, 2000 complaint, therefore, was three months late.  In September 2000, however, the ADEA's alternative remedy, a suit

---

[1] The Tenth Circuit has never held mental incapacity to be sufficient grounds for tolling a statute of limitations.  This court has noted, however, that "the few courts which have recognized an exception for mental incapacity have limited the application of this equitable doctrine to exceptional circumstances." *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996).

filed directly in district court, remained open. If the acts of alleged discrimination took place on April 18, 2000, Mr. Regennitter had 180 days, or until October 16, 2000, to notify the EEO of his intent to sue. He then could have filed his suit in district court thirty days later. Mr. Regennitter did not take advantage of this alternative remedial route. By the time he actually filed his administrative action on October 30, 2000, and then his district court suit on March 13, 2001, time limitations for both avenues of redress had run. This failure to pursue available remedies cannot be construed as due diligence, and as such, equitable tolling is not an appropriate remedy.

In light of Mr. Regennitter's acknowledged failure to comply with ADEA time limitations on his administrative remedy and his equal failure to directly and timely file suit in district court, summary judgment was proper. The district court's decision is therefore **AFFIRMED**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-6-