**Thomas RUFFIN, Jr., Appellant**

v.

**Vincent GRAY, et al., Appellees.**

**No. 10–7129.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 25, 2011.

---

* As of the date the judgment was issued, Judge Ginsburg had taken senior status.

Thomas Turner Ruffin, Jr., Washington, DC, pro se.

Todd Sunhwae Kim, Solicitor General, Richard Stuart Love, Assistant, Donna M. Murasky, Esquire, Deputy Solicitor, Irvin B. Nathan, Office of the Attorney General, District of Columbia Office of the Solicitor General, Washington, DC, for Appellees.

BEFORE: HENDERSON, TATEL and BROWN, Circuit Judges.

## JUDGMENT

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments by counsel. It is

ORDERED that the judgment of the district court be affirmed.

Appellant Thomas Ruffin, Jr., brought suit under 42 U.S.C. § 1983 against Mayor Vincent Gray and Officer Myisha McConaughey of the Metropolitan Police Department alleging violations of his rights under the Fourth and Ninth Amendments to the United States Constitution arising from his arrest and detention based on "false allegations" and "on the basis of his race, color, and ethnic background as a black man of African descent." [JA 4, 6]. The district court dismissed Ruffin's claim "for failure to state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). Regarding all but one of the issues Ruffin raises on appeal, we affirm for the reasons stated in the district's court order filed on September 13, 2010.

We also affirm with respect to the remaining issue. In district court, the appellees moved to dismiss or in the alternative for summary judgment. Attached to appellees' motion were the police report of Ruffin's arrest and Ruffin's claim letter and "No Paper Notification Form"; attached to Ruffin's response was his declaration related to the facts leading up to his arrest. The district court, however, made clear that it considered only "the factual allegations set forth in the complaint, documents attached to or incorporated by reference in the complaint, and matters subject to judicial notice." Fed. R. Civ. Proc. 12(b)(6). [JA 76]. Although the court did not *expressly* exclude the attachments to both appellees' motion and Ruffin's response, the record reflects that it considered only the items listed in Rule 12(b)(6). *See Ruffin v. Fenty*, No. 1:09–cv–01237, slip op. at 2–7 (D.D.C. Sept. 13, 2010). Accordingly, the district court did not err in failing to convert the motion to dismiss to a summary judgment motion pursuant

to Rule 12(d). *McKinney v. Dole,* 765 F.2d 1129, 1134 (D.C.Cir.1985), *abrogated on other ground by Stevens v. Dep't of Treasury,* 500 U.S. 1, 11, 111 S.Ct. 1562, 114 L.Ed.2d 1 (1991) (conversion required under Rule 12(d) only where "[d]istrict [c]ourt considered materials outside the pleadings in dismissing the case").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).