Israel **SANTIAGO–LUGO**, Petitioner,

v.

**UNITED STATES of America,** Respondent.

Civil No. 3:07–cv–01518 (JAF). Crim. No. 3:95–cr–00029–1.

United States District Court, D. Puerto Rico.

Signed March 27, 2015.

Israel Santiago–Lugo, Coleman, FL, pro se.

Nelson J. Perez–Sosa, United States Attorneys Office, San Juan, PR, Teresa A. Wallbaum, U.S. Department of Justice, Washington, DC, for Respondent.

***ORDER***

JOSÉ ANTONIO FUSTÉ, District Judge.

This matter is before the court on Petitioner's Motion for Leave to Proceed In Forma Pauperis. (Docket No. 39.) Petitioner seeks in-forma-pauperis status for his appeal of this court's orders entered January 20, 2015, and February 20, 2015, which deny his motion to set aside the judgment, motion for evidentiary hearing, and motion for reconsideration.

Previously, this court granted Petitioner leave to proceed in forma pauperis. (See Docket No. 25; see also Case No. 3:95–cr–0029, Docket No. 3729.) Petitioner now appeals this court's order dismissing of his complaint based on the statute of limitations and denying his motion for reconsideration regarding same. (See Docket Nos. 22, 21, 19, and 15.). On August 14, 2008, pursuant to 1st Cir. R. 27.0(c)[1] the First Circuit Court of Appeals granted the government's motion for summary affirmance of this court's dismissal of Petitioner's complaint pursuant to the statute of limitations. *Santiago–Lugo v. United States,* 538 F.3d 23, 24 (1st Cir.2008). Thereafter, on January 20, 2015, Petitioner moved for this court to set aside the underlying order dismissing his complaint. (Docket No. 33.) In his motion to set aside judgment, Petitioner requested the court to set aside the dismissal of Petitioner's claim under the statute of limitations. Petitioner also sought the additional remedy of setting aside his underlying conviction as well. This court summarily denied Petitioner's motion to set aside judgment (Docket No. 35), as well as his motion for reconsidera-

---

**1.** 1st Cir. R. 27.0(c) states: "**Summary Disposition.** At any time, on such notice as the court may order, on motion of appellee or sua sponte, the court may dismiss the appeal or other request for relief or affirm and enforce the judgment or order below if the court lacks jurisdiction, or if it shall clearly appear that no substantial question is presented. In case of obvious error the court may, similarly, reverse. Motions for such relief should be promptly filed when the occasion appears."

tion (Docket No. 37). Now, Petitioner wishes to appeal, in forma pauperis, this court's rulings.

 Under 28 U.S.C. § 1915(a)(1), a court may authorize the pursuit of an appeal "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." When a court determines that the appeal is frivolous or not taken in good faith, it must deny a motion to prosecute the appeal in forma pauperis. *Acosta Abreu v. United States,* 308 F.2d 248, 248 (1st Cir.1962); 28 U.S.C. § 1915(a). An appeal is frivolous, warranting denial of permission to proceed in forma pauperis, if it lacks arguable basis in law or fact. *See Tavarez v. Reno,* 54 F.3d 109 (2nd Cir.1995); *Pimentel v. Jacobsen Fishing Co., Inc.,* 102 F.3d 638, 640 (1st Cir.1996) ("An appeal is frivolous if the result is obvious *or* the arguments are wholly without merit.") (citations and quotations omitted) (emphasis in original).

 Clearly, Petitioner's appeal is frivolous. Not only does Petitioner wish the Court of Appeals to forget that it summarily dismissed his previous appeal on this very issue, but Petitioner also attempts to circumnavigate the judicial process by sneaking arguments into motions for reconsideration. Over and over again, Petitioner attempts to relitigate issues that have already been decided not only by this court, but by the appellate court as well.[2] The court finds that Petitioner Israel Santiago–Lugo's litigation efforts abuse the judicial process.

**Accordingly, this court DENIES Petitioner's motion to proceed on this ap-** **peal in forma pauperis. Petitioner is hereby enjoined from proceeding in forma pauperis or otherwise purporting to invoke any authority under § 1915 for the purpose of this appeal.**

Petitioner's original conviction and sentencing occurred in 1995, Case No. 3:95–cr–00029. Since his conviction and sentencing, Petitioner has filed numerous direct and collateral attacks and challenges to the disposition of his criminal conviction without success. Petitioner has at least three other civil law suits: 3:95–cv–01570, 3:99–cv–01504, and 3:07–cv–01391. There are no less than twelve (12) appellate court case numbers: 95–1507, 96–2363, 05–1063, 05–2254, 06–1107, 06–2636, 07–1101, 08–1178, 08–1782, 03–2206, 14–2230, and 14–2285. There comes a point in time where frivolous collateral litigation must stop.

 "Federal courts plainly possess discretionary powers to regulate the conduct of abusive litigants." *Cok v. Fam. Ct. of R.I.,* 985 F.2d 32, 34 (1st Cir.1993). "The law is well established that it is proper and necessary for an injunction to issue barring a party, such as appellant, from filing and processing frivolous and vexatious lawsuits." *Gordon v. United States Department of Justice,* 558 F.2d 618 (1st Cir.1977).

 The court recognizes that Petitioner's litigiousness alone would not support an injunction restricting his filing activities. *Pavilonis v. King,* 626 F.2d 1075, 1079 (1st Cir.1980). Access to the courts is a fundamental tenet of our judicial system; legitimate claims should receive a full and fair hearing no matter how litigious the Petitioner may be. Moreover, Title 28 U.S.C. § 1915, the "In Forma Pauperis" statute, was enacted specifically to provide

---

**2.** If, in fact, Petitioner wishes to assert a new and valid challenge to his conviction, he

should pursue the proper course.

indigent persons with equal access to the federal courts.

However, "[w]here a litigant has demonstrated a propensity to file repeated suits ... involving the same or similar claims of a frivolous or vexatious nature, a bar on further filings is appropriate." *Cowhig v. West,* 181 F.3d 79 (1st Cir.1999) (internal quotation marks omitted) (*citing Castro v. United States,* 775 F.2d 399, 409 (1st Cir.1985)) (per curiam), *overruled on other grounds by Stevens v. Dep't of the Treasury,* 500 U.S. 1, 111 S.Ct. 1562, 114 L.Ed.2d 1 (1991). The proper method for handling the complaints of prolific litigators is to enter a narrowly-tailored order requiring leave of court before the Petitioner may file any additional complaints. *See Gordon,* 558 F.2d at 618.

In an effort to prevent future frivolous, baseless, vexatious, and repetitive claims which needlessly steal the court away from addressing actual cases and controversies, the court **enjoins Petitioner Israel Santiago–Lugo from filing any new lawsuits or other documents unless he complies with the following:**

1. He must submit to the Clerk of Court his proposed filing, be it a motion, pleading or other filing, and he must attach a copy of this Order to it as an exhibit.

2. As a second exhibit to any such proposed filing, he also shall attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which he has not previously raised in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.

3. By means of a third exhibit, he shall identify and list: (a) the full caption of each and every suit which he previously filed or which was filed on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he currently has pending.

4. As a fourth exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph 3 and a certified record of its disposition.

If Petitioner fails to comply with the terms of this Order, the Clerk of Court shall refuse to file the proposed filing. Santiago–Lugo's failure to comply with the terms of this Order may be considered an act of contempt for which he may be punished accordingly.

Further, to prevent further vexatious filings by Petitioner and the waste of this court's limited resources, **the Clerk's Office is hereby ordered as follows:**

1. Any document submitted by Petitioner shall not be filed unless it contains all four exhibits required by this Order as listed above.

2. If Santiago–Lugo's proposed filing complies with the terms of this Order, then and only then shall the Clerk accept the proposed filing and file the document either under an existing case number, if appropriate, or as a new civil filing if Santiago–Lugo's proposed filing constitutes a complaint initiating a new lawsuit.

If the document leads to the filing of a new civil case and Petitioner seeks to proceed pro se, the complaint will be subject to the standard process for pro-se complaints. Petitioner may obtain a copy of this Guide on the District Court's website or by entering the following letters and characters in an internet browser: For English: http://www.prd.uscourts.gov/sites/default/files/documents/17/Pro%20Se%20Litigant%20Guide%20March%202015%20%28English%29.pdf, or for Spanish: http://www.prd.uscourts.gov/

sites/default/files/documents/ajax/Pro%
20Se% 20Litigant% 20Guide% 20March%
202015% 20% 28Spanish% 29.pdf.

The foregoing requirements shall apply to any document Petitioner seeks to file with the Clerk's Office.

**IT IS SO ORDERED.**