NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 26, 2014[*]
Decided May 8, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-2567

| | |
|---|---|
| NANCY MORROW, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of |
| | Illinois, Eastern Division. |
|     *v.* | |
| | No. 11 C 4349 |
| PATRICK R. DONAHOE, | |
| Postmaster General, | Charles R. Norgle, |
|     *Defendant-Appellee.* | *Judge.* |

**O R D E R**

Nancy Morrow, a 51-year old former clerk with the United States Postal Service, appeals the grant of summary judgment against her in this age discrimination suit. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Because Morrow's summary judgment submissions failed to comply with the district court's Local Rule 56.1, the district court adopted the Postal Service's version of facts for purposes of summary judgment. We follow the same course on appeal. *See Koszola v. Board of Educ. of City of Chicago*, 385 F.3d 1104, 1108–09 (7th Cir. 2004).

In March 2010 Morrow was given a seven-day suspension by Lisa Tolbert, her temporary supervisor, for failure to follow instructions and unauthorized use of overtime. Morrow, according to Tolbert, refused to reopen her service window when ordered to do so and on the same day stayed "on the clock" beyond her scheduled work day without prior approval. Tolbert's quick check of the Post Office's computer records revealed that Morrow previously had taken overtime without authorization. Morrow was to serve the suspension unless she filed a grievance contesting it. The Postal Workers' Union filed such a grievance on Morrow's behalf. The resulting settlement reduced the suspension to an "official job discussion." Nevertheless Morrow did not show up for work during the week for which the suspension had originally been scheduled.

Morrow then filed an employment discrimination suit, including a claim for age discrimination relating to the supposed suspension. The district court dismissed that entire complaint as frivolous. We affirmed the district court's judgment in most respects but reversed and remanded for further consideration of Morrow's age discrimination claim. *Morrow v. Donahoe*, No. 12-2666 (7th Cir. Nov. 2, 2012).

On remand the Postal Service moved for summary judgment on the age discrimination claim and complied with Northern District of Illinois Local Rule 56.1 by submitting a statement of material undisputed facts with supporting documentation. Morrow attempted to follow Rule 56.1's protocol for opposing summary judgment. She submitted a document responding to the Postal Service's proposed statement of facts, but without sufficient citations to the record or other admissible evidence.

The district court ultimately granted summary judgment to the Postal Service. The court determined that Morrow had failed to comply with Rule 56.1 and accepted as true the facts submitted by the Postal Service that she had not properly disputed. The undisputed facts established that Morrow's suspension was tolled pending the outcome of the grievance procedure, which meant that Morrow took her week off voluntarily. Voluntary time off, the district court concluded, was not an adverse employment action. And the lack of an adverse action left her unable to establish a prima facie claim of age discrimination under the indirect method of proof.

Morrow asserts on appeal that the district court improperly refused to consider her summary judgment submissions. She points out that she properly formatted her responsive submission and responded directly to each of the Postal Service's proposed facts. The problem was that although her submission includes purported citations to the record, many of these include internal cross-references with no apparent referent, violating Rule 56.1. And none of the evidence she submitted was authenticated, so the district court could not consider it. *See* FED. R. CIV. P. 56(c)(2); *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). As the district court pointed out, these transgressions occurred after she was informed by both the court and the defendants of Rule 56.1's requirements. Morrow's pro se status does not relieve her of the court's procedural requirements, *see Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006), so the district court did not need to overlook these missteps.

Although Morrow vigorously disputes the district court's conclusion that she suffered no adverse employment action, the court correctly determined that her suspension was held in abeyance pending the resolution of the union's grievance and ultimately was never served. A suspension that was not served is not a materially adverse employment action. *See Nagle v. Village of Calumet Park*, 554 F.3d 1106, 1120–21 (7th Cir. 2009); *Whittaker v. Northern Ill. Univ.*, 424 F.3d 640, 647 (7th Cir. 2005). Neither is the "official job discussion," which carried with it no job-related consequences for Morrow. *See Atanus v. Perry*, 520 F.3d 662, 675 (7th Cir. 2008); *Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir. 2004). Without a materially adverse employment action, Morrow cannot establish that the Postal Service violated the Age Discrimination in Employment Act. *See* 29 U.S.C. § 623(a); *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012); *Sylvester v. SOS Children's Villages Illinois, Inc.*, 453 F.3d 900, 902 (7th Cir. 2006).

We end with a correction: In explaining that Morrow failed to establish a prima facie case under the indirect method of proof, the district court said that Morrow failed to identify any comparators under the age of 40 (that is, outside of the protected class). The Supreme Court rejected such a requirement in *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 313 (1996). In an age discrimination suit, the comparison is relative. The potential comparators are those "substantially younger" than the plaintiff. Rather than introduce evidence regarding employees under the age of 40, Morrow needed to submit evidence that her employer considered her age significant, and a ten-year age difference with a comparator is presumed to be substantial, whether the person is older than 40 or not. *See Hartley v. Wisconsin Bell, Inc.*, 124 F.3d 887, 892–93 (7th Cir. 1997).

AFFIRMED.