| NONPRECEDENTIAL DISPOSITION |
| :---: |
| To be cited only in accordance with Fed. R. App. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 30, 2016[*]
Decided June 30, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 15-2522

| | |
|---|---|
| NANCY MORROW, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 14 C 3614 |
| MEGAN J. BRENNAN, | |
|     *Defendant-Appellee.* | Harry D. Leinenweber, |
| | *Judge.* |

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

No. 15-3051

NANCY MORROW,                                    Appeal from the United States District
        *Plaintiff-Appellant,*                          Court for the Northern District of Illinois,
                                                 Eastern Division.

        *v.*
                                                 No. 15 C 761

PATRICK R. DONAHOE,
        *Defendant-Appellee.*                           Harry D. Leinenweber,
                                                 *Judge.*


**O R D E R**

These consolidated appeals arose out of circumstances that took place when
Nancy Morrow worked as a window clerk with the United States Postal Service in
Chicago. In the first suit (14 C 3614), the district court granted summary judgment to
USPS on Morrow's claims that the agency discriminated against her based on age
(mid-fifties) and retaliated against her when she called in sick and left work early. In the
second suit (15 C 761), the court dismissed—on jurisdictional grounds for lack of
service—her complaint in which she alleged that a USPS lawyer committed a
constitutional tort against her (and for which it appears she wants to hold the former
Postmaster General vicariously liable). We affirm both judgments.

In Morrow's first suit, she seemed to allege that USPS retaliated against her for
previously filing discrimination suits against it. She pointed to three acts of retaliation.
One was a letter from her supervisor, informing her that she was being investigated for
calling in sick for work for three days in July 2011. Even though six other colleagues
who also missed work were asked to undergo investigatory interviews, Morrow
apparently regarded the letter she received as threatening, and refused to be
interviewed. A second act of retaliation identified by Morrow was the agency's
insistence that she use vacation time for leaving work early. The third identified act of
retaliation is hard to discern, but Morrow seems to believe that her work "time card"
was improperly withheld after she took an unscheduled absence. In addition to her
retaliation claim, she also alleged generally that USPS discriminated against her because
of her age.

The district court granted summary judgment for USPS. Regarding her
retaliation claim, the court concluded that no reasonable jury could find her

complained-of-acts—the investigatory letter, the withholding of her time card, and the requirement that she use vacation time when she left early—constituted materially adverse actions to support a finding of retaliation. As for her age-discrimination claim, the district court concluded that Morrow had not exhausted her administrative remedies because she did not assert any claim of age discrimination when she filed her charge with the EEOC.

In her second suit Morrow brought an individual-liability constitutional tort claim against the former Postmaster General and a USPS attorney, who, she says, interfered with a separate discrimination charge that she was pursuing through the EEOC. The caption of her complaint named the former Postmaster General as a defendant, but at a status hearing it became clear that her allegations centered upon the USPS's attorney who was personally involved in the proceedings. Her farfetched narrative alleged that this attorney had hacked the email account of the administrative law judge assigned to her case and then impersonated this judge by forging an email message informing her that summary judgment had been granted for USPS. The district court dismissed her suit because she had failed to serve the USPS attorney.

Morrow generally appeals both judgments, but the district court made no errors. Regarding her age-discrimination claim, the court correctly concluded that Morrow failed to exhaust her administrative remedies, let alone follow "the ADEA-specific method of providing the EEOC with notice of intent to sue at least 30 days in advance of bringing a lawsuit." *Reynolds v. Tangherlini*, 737 F.3d 1093, 1102 (7th Cir. 2013); *see Stevens v. Dep't of Treasury*, 500 U.S. 1, 5–6 (1991). And to the extent she suggests that she did suffer a materially adverse action, the court properly determined that she provided no evidence from which a reasonable jury could reach such a conclusion. No reasonable jury could have concluded that the actions she complains of—sending an investigatory letter, withholding her time card, or requiring her to use vacation time for leaving early—would "have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Boss v. Castro*, 816 F.3d 910, 918–19 (7th Cir. 2016); *see Stephens v. Erickson*, 569 F.3d 779, 790–92 (7th Cir. 2009). As for her constitutional-tort claim, the court properly dismissed this suit against USPS's attorney because she failed to serve the attorney within 120 days. *See* FED. R. CIV. P. 4(m); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004–06 (7th Cir. 2011); *Kurzberg v. Ashcroft*, 619 F.3d 176, 183–84 (2d Cir. 2010).

AFFIRMED.