NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 5, 2016[*]
Decided February 9, 2017

**Before**

DIANE P. WOOD, *Chief Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-3593

| | |
|---|---|
| NANCY MORROW,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>MEGAN J. BRENNAN,<br>POSTMASTER GENERAL,<br>UNITED STATES POSTAL SERVICE,<br>    *Defendant-Appellee.* | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division.<br><br>No. 15 C 5846<br><br>**Charles R. Norgle, Sr**.,<br>*Judge.* |

---

[*] These appeals are successive to *Morrow v. Donahoe*, 564 F. App'x 859 (7th Cir. 2014), and have been submitted under Operating Procedure 6(b) to the original panel. We have unanimously agreed to decide these cases without oral argument because the briefs and records adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C). Finally we have substituted the current Postmaster General as the proper defendant in this suit. See FED. R. CIV. P. 25(d).

No. 16-1945

| | |
|---|---|
| NANCY MORROW, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| | |
| *v.* | |
| | No. 16 C 2342 |
| MEGAN J. BRENNAN, | |
| POSTMASTER GENERAL, | **Charles R. Norgle, Sr.**, |
| UNITED STATES POSTAL SERVICE, | *Judge.* |
| *Defendant-Appellee.* | |

No. 16-1951

| | |
|---|---|
| NANCY MORROW, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| | |
| *v.* | |
| | No. 15 C 6906 |
| MEGAN J. BRENNAN, | |
| POSTMASTER GENERAL, | **Charles R. Norgle, Sr.**, |
| UNITED STATES POSTAL SERVICE, | *Judge.* |
| *Defendant-Appellee.* | |

**O R D E R**

These consolidated appeals represent the latest in a series of efforts by plaintiff Nancy Morrow to revive an employment-discrimination suit that she lost more than four years ago. The district court determined that claim preclusion barred her efforts. We agree with that assessment and thus affirm the district court's judgments. We add a word of caution, that further frivolous efforts to continue to litigate these matters may lead to sanctions against Morrow.

I.    *Prior Litigation*

Over five years ago, when Morrow worked for the United States Postal Service, she sued it for age discrimination and retaliation over a seven-day suspension that she received for working overtime without authorization. The district court dismissed her complaint, but we reversed and allowed her to proceed on her claim of age

discrimination. See *Morrow v. Donahoe*, No. 12-2666 (7th Cir. Nov. 2, 2012). On remand, the uncontested evidence showed that, as part of a settlement, the suspension had been reduced to an "official job discussion." As a result, the district court entered summary judgment against Morrow, reasoning that she had suffered no adverse employment action. See *Morrow v. Donahoe*, No. 11 C 4349, 2013 WL 3776278 (N.D. Ill. July 15, 2013). We affirmed. See *Morrow v. Donahoe*, 564 F. App'x 859 (7th Cir. 2014).

Morrow responded with two new lawsuits against the Postmaster General. In the first she alleged that she had suffered age discrimination and retaliation when, among other things, a supervisor wrote a "threatening" letter to her about her improper use of sick time. See *Morrow v. Donahoe*, No. 14 C 3614, 2015 WL 3463554 (N.D. Ill. May 29, 2015). The district court granted summary judgment for the Postmaster General, explaining that Morrow had not pursued her administrative remedies for her age discrimination claim and that the letter was not an adverse employment action. In the second suit Morrow accused an attorney for the Postal Service of violating her constitutional rights by hacking into an administrative law judge's email account and forging an order dismissing her complaint before the Equal Employment Opportunity Commission. See *Morrow v. Donahoe*, 15 C 761 (N.D. Ill. Aug. 11, 2015). The district court dismissed Morrow's complaint for lack of personal jurisdiction because Morrow did not properly serve the attorney. In a consolidated decision we affirmed both judgments. See *Morrow v. Brennan*, 653 Fed. App'x 480 (7th Cir. 2016).

Between our first and second affirmances, Morrow filed *six* additional cases against the Postmaster General. The district court ruled that, in light of her initial suit, claim preclusion barred them all. See *Morrow v. Donahoe*, No. 15 C 6906 (N.D. Ill. Apr. 14, 2016); *Morrow v. Donahoe*, No. 16 C 2342 (N.D. Ill. Apr. 14, 2016); *Morrow v. Donahoe*, No. 15 C 5155 (N.D. Ill. July 31, 2015); *Morrow v. Donahoe*, No. 15 C 5846 (N.D. Ill. July 7, 2015); *Morrow v. Donahoe*, No. 15 C 5161 (N.D. Ill. June 24, 2015); *Morrow v. Donahoe*, No. 15 C 760 (N.D. Ill. Feb. 4, 2015 ). Morrow timely appealed three of those judgments, and we have consolidated them for decision.

II.     *Cases Before the Court*

In the first suit on appeal (15 C 5846), Morrow alleged that a supervisor violated her right to due process by providing a false affidavit to the district court in Morrow's initial lawsuit (11 C 4349). Morrow raised this identical claim in 15 C 760, one of the cases the district court dismissed on the basis of claim preclusion and that Morrow did not appeal.

Morrow's second suit (16 C 2342) is nearly incomprehensible. In the form complaint, she provided no facts underlying her claim of employment discrimination. In the portion of the form asking Morrow to state what relief she seeks, she wrote:

> Direct the defendant to (specify): unlawful and personal deprivation at the hands of the postal serv. and I am a person aggrieved. At the US employee credit union my zip code mail was changed to 60699. The Inspector office which almost led to repossession of my car. A change of address was put in and my mail was forward to Logan Square post office. Financial hardship

(Mistakes in original.) Without further elaboration, she attached to her complaint various documents from her initial lawsuit (11 C 4349).

Finally, in the third suit (15 C 6906), Morrow accused another Postal Service attorney of interfering with a different EEOC proceeding. Similar to her allegations in case 15 C 761, she said that an attorney had hacked into a judge's email account to "fraudulently deny" her complaint. Her complaint in this third suit was virtually identical to the one she filed in case number 15 C 5161, yet another case that the district court dismissed on the basis of claim preclusion and that Morrow did not appeal.

III.     *Analysis*

Morrow appeals these three judgments, but she does not contend that the district court erred in dismissing her suits. She has thus waived any appellate issue by failing to develop any meaningful argument for our review. See FED. R. APP. P. 28(a)(8); *Rahn v. Bd. of Trustees of N. Ill. Univ.*, 803 F.3d 285, 295 (7th Cir. 2015).

In any case, we agree with the district court's conclusion that claim preclusion bars the three suits that Morrow has appealed. That doctrine prohibits "'successive litigation of the very same claim' by the same parties," *Whole Woman's Health v. Hellerstedt*, 136 S.Ct. 2292, 2305 (2016) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)), as well as litigation of claims that *could* have been raised during an earlier proceeding but were not. See *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016). Although claim preclusion is an affirmative defense, see FED. R. CIV. P. 8(c)(1), a district court may raise the issue sua sponte when preclusion clearly applies. See *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010); *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996).

The first suit—about the false affidavit in her initial suit—is identical to the claim that she presented, and the district court resolved, in 15 C 760. It is therefore claim-precluded. The second suit, which to the extent it is coherent attacks how the Postal Service treated Morrow during the time before her initial suit, raises claims that she did raise or could have raised in that suit, 11 C 4349. It is thus also barred by claim preclusion.

The third suit, which concerns an attorney's alleged hacking into a judge's email account, mirrors the same claim raised and decided in 15 C 5161. Consequently it too is claim-precluded. See *Bell*, 827 F.3d at 706.

Accordingly, we AFFIRM the district court's judgment in each case. We end with a warning. These three suits represent the sixth, seventh, and eighth times that Morrow has sued the Postal Service or Postmaster General since 2014, when we affirmed the grant of summary judgment against her on her initial claim of age discrimination. Morrow is warned that further repetitious litigation arising from her Postal Service employment would be frivolous and invite sanctions, including possible monetary sanctions that if unpaid will lead to a circuit-wide filing bar. See *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).